IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DWAYNE EDWARD LORTON, | ) | Case No. 3:21-cv-36 |
| | ) | |
| Petitioner, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| LYNEAL WAINWRIGHT, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION[1]** |

     Dwayne Edward Lorton pleaded no contest to four counts of rape of a minor under the age of 13.  A Mercer County, Ohio, Common Pleas Court judge found Lorton guilty and sentenced him on September 1, 2009 to an aggregate 20-year sentence.  On November 19, 2020, Lorton, pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, purporting to raise four grounds of relief. [2]  ECF Doc. 1.  Specifically, Lorton's petition asserts:

> **GROUND ONE:** Ineffective Assistance of Counsel, false indictment, False Search Warr[a]nt, not Signed, Victim's Mother was not present with under age in question[], Victim's Miranda consent form not filled out properly.
>
> **Supporting Facts:** D[et]ective left the room.  ECF Doc. 1 at 6-7.
>
> **GROUND TWO:** Brady Act was violated, Mental Health Exam, withheld evidence, to take a[] plea deal, etc.
>
> **Supporting Facts:** Me[n]tal Exam report, etc.  ECF Doc. 1 at 7.

---

[1] This matter is before me by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation pursuant to Local Rule 72.1.

[2] *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) ("Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts.").

**GROUND THREE:** Due-Process of Law, Contrary to Law

**Supporting Facts:** That there was no Evidentiary Hearing Held.  ECF Doc. 1 at 7.

**GROUND FOUR:** P[res]e[r]ve Evidence, Return of property etc.

**Supporting Facts:** Evidence form, SB-77[.]  ECF Doc. 1 at 8.

Respondent, Warden Lyneal Wainwright, filed a motion to dismiss, arguing that Lorton's § 2254 petition was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year statute of limitations, his claims were procedurally defaulted, and/or his grounds for relief were improperly pleaded.[3]  ECF Doc. 8.  Lorton filed a counseled response.  ECF Doc. 9.

Because Lorton's § 2254 petition is untimely and his claims are otherwise procedurally defaulted, I recommend that Warden Wainwright's motion to dismiss be GRANTED, Lorton's claims be DISMISSED, and that his petition for writ of habeas corpus be DENIED.  I further recommend that Lorton not be granted a certificate of appealability.

**I.     State Court History**

**A.     Trial Court Proceedings**

On March 19, 2009, a Mercer County, Ohio grand jury charged Lorton with four counts of rape of a minor under the age of 13.  ECF Doc. 8-1 at 4-6.  Lorton initially pleaded not guilty. ECF Doc. 8-1 at 7.

On July 15, 2009, Lorton entered a no-contest plea to all counts pursuant to a written plea agreement.  ECF Doc. 8-2 at 2.  Under the terms of the plea agreement, Lorton agreed to plead no contest and the state agreed to argue for no more than a 20-year aggregate prison sentence. ECF Doc. 8-1 at 8-9.  The plea agreement further provided: "I understand my right to appeal a

---

[3] The parties' arguments for and against dismissal are discussed in more detail below.

maximum sentence, my other limited appellate rights and that any appeal must be filed within 30 days." ECF Doc. 8-1 at 11.

The plea agreement was supported by a stipulation of facts, in which Lorton stipulated – for purposes of his no-contest plea – that the state could establish at trial that:

> For Counts One and Two of the indictment, from May 2005 through November 2005, the Defendant engaged in sexual conduct, including intercourse, with Jane Doe #1 while she was less than 13 years of age.  ***
>
> For Counts Three and Four of the indictment, from October 2006 through February 2007, the Defendant engaged in sexual conduct, including intercourse, with Jane Doe #1 while she was less than 13 years of age.  ***

ECF Doc. 8-1 at 12.  After a plea colloquy, during which the court told Lorton his plea waived his "right to appeal the judgment," Lorton executed a waiver of constitutional rights, the trial court accepted Lorton's no-contest plea, and the court and found him guilty.  ECF Doc. 8-1 at 13-16; ECF Doc. 8-2 at 2-5.

On September 1, 2009, the trial court sentenced Lorton to a 5-year prison term on each count, to be served consecutively, for an aggregate sentence of 20 years.  ECF Doc. 8-1 at 19-22; ECF Doc. 8-3 at 8.  Lorton did not appeal.  ECF Doc. 8-1 at 82-83.

## B.    Post-Conviction Proceedings[4]

### 1.    2011 Motions

On November 30, 2011, Lorton filed a motion to withdraw his no-contest plea and for a new trial.  ECF Doc. 8-1 at 83; *see* Docket for Mercer Cnty Ct. of Comm. Pl., Case No. 09-CRM-032 ("Trial Ct. Docket"), entry dated 11/30/2011 Motion to Withdraw.  Lorton argued that he'd maintained his innocence to counsel and only accepted the plea agreement because counsel

---

[4] The state record filed with the court included the trial court docket sheet but did not include copies of any of the motions that were filed with the trial court following Lorton's conviction.  Because those motions are publicly available online, I take judicial notice of them.  *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004).

3

told Lorton that he would not be able to secure an agreement with the state and Lorton was under the belief that counsel was providing effective assistance.  Trial Ct. Docket, entry dated 11/30/2011 Motion to Withdraw at 2.  But had he known that he would actually receive the sentence counsel promised, Lorton argued he would not have entered into the plea agreement and instead gone to trial.  *Id.* at 4.  Thus, he requested that the trial court withdraw his plea or order an evidentiary hearing to assess the voluntariness of his no-contest plea.  *Id.* at 5.

Lorton also filed a motion for an insanity evaluation to establish his state of mind at the time the offense was committed.  ECF Doc. 8-1 at 83; *see* Trial Ct. Docket, entry dated 11/30/2011 Motion for Not Guilty by Reason of Insanity.  In support, he argued that he had a lengthy history of psychological deficiencies, including hospitalizations, suicide attempts, and prescription medication.  Trial Ct. Docket, entry dated 11/30/2011 Motion for Not Guilty by Reason of Insanity.  He sought to enter a plea of not guilty by reason of insanity and an evaluation by an expert.  *Id.*  Lorton also filed a motion for appointment of counsel.  ECF Doc. 8-1 at 83.

On December 19, 2011, Lorton filed a motion for a reduced sentence, arguing that the trial court violated his Sixth and Fourteenth Amendments rights by sentencing him in excess of the minimum possible sentence (three years on each count, to be served concurrently).  ECF Doc. 8-1 at 83; *see* Trial Ct. Docket, entry dated 12/19/2011 at 2-5.

The state filed a response, but only to Lorton's motion to withdraw his no-contest plea.  ECF Doc. 8-1 at 83.  On December 28, 2011, the trial court denied Lorton's motion to withdraw his no-contest plea, finding that the plea colloquy complied with Ohio law, there was no evidence of manifest injustice, and the motion was barred by the doctrine of res judicata because Lorton did not appeal his convictions.  Trial Ct. Docket, entry dated 12/28/2011 Judgment Entry

Denying Motion to Withdraw No Contest Plea.  The trial court issued a separate judgment entry

denying Lorton's motion for a reduced sentence, finding that his consecutive sentences were

imposed in compliance with Ohio law in effect at the time.  Trial Ct. Docket, entry dated

12/28/2011 Judgment Entry Denying Motion for Reduction of Sentence.

The trial court did not rule on Lorton's other motions and Lorton did not appeal.  *See*

ECF Doc. 8-1 at 83.

### 2.      2012 Motions

On February 7, 2012, Lorton filed a "motion for leave to file a motion to request a

hearing."  ECF Doc. 8-1 at 83; Trial Ct. Docket, entry dated 2/07/2012 Motion for Leave to File

a Motion to Request Hearing.

In his contemporaneously filed "motion to request hearing," Lorton requested that the

court vacate his conviction, order a new trial, and schedule a hearing.  ECF Doc. 8-1 at 83; Trial

Ct. Docket, entry dated 2/07/2012 Motion to Request Hearing at 1.  Lorton argued that his

custodial statements, obtained during a March 5, 2009 interview with a detective, violated his

Fifth and Fourteenth Amendment rights because: (i) his statements were coerced; and (ii) his

interview continued over his multiple requests that counsel be provided.  Trial Ct. Docket, entry

dated 2/07/2012 Motion to Request Hearing at 1-5.

Lorton attached several annotated exhibits: (i) a March 2, 2009 incident report authored

by Detective D. Dues; (ii) a narrative supplement to the March 2, 2009 report authored by

Officer Megan Siefring; (iii) Detective Dues's notes of Lorton's interview with police; and

(iv) Lorton's affidavit.  *Id.* at 5-10.  In the March 2, 2009 incident report, Detective Dues stated

that Lorton was taken into protective custody and transported to a hospital for a mental health

evaluation after threatening to kill himself.  *Id.* at 9-10.  In the narrative supplement, Officer

Siefring stated that Lorton was later admitted to St. Rita's Hospital and told to contact the police once he was out. *Id.* at 8. Detective Dues's interview notes stated that Lorton reported to the sheriff's office on March 5, 2009 wearing a patient band and told police he had just been released from the hospital. *Id.* at 7. Detective Dues left the interview room, and when he returned, he learned that Lorton had admitted to having "sex" with the victim and sending her a cell phone photo of his genitals. *Id.* In his affidavit and annotated portions of his supporting exhibits, Lorton stated that it was clear that he was in no condition to be interviewed, the interviewing officers took advantage of his fragile state to elicit an illegal confession, and his statements should therefore be suppressed. *Id.* at 5-8, 10. In his affidavit, Lorton also stated that the victim told him prior to his hospitalization that she was told what to tell detectives during her interview – that he committed the offense – which precipitated his suicide attempt. *Id.* at 5.

Also on February 7, 2012, Lorton filed a motion to suppress, reiterating his grounds for suppressing his confession and adding that his rights were not knowingly waived. ECF Doc. 8-1 at 83; Trial Ct. Docket, entry dated 2/07/2012 Motion to Suppress. The state filed a response. ECF Doc. 8-1 at 83.

On April 26, 2012, the trial court denied Lorton's February 7, 2012 motions, construing his request for a new trial as a Ohio Rev. Code § 2953.21(A) petition for post-conviction relief. ECF Doc. 8-1 at 83; Trial Ct. Docket, entry dated 4/26/2012 at 1-3. The court denied the construed motion as untimely and summarily denied Lorton's suppression-related motions. *Id.* at 3-4. Lorton did not appeal. *See* ECF Doc. 8-1 at 84.

### 3.  2013 Motions

On September 3, 2013, Lorton filed: (i) a motion for a copy of the grand jury proceedings; (ii) a motion demanding "complete discovery"; and (iii) a motion for disclosure of exculpatory evidence.  ECF Doc. 8-1 at 84.  In his first motion, Lorton argued that trial counsel was ineffective for denying his pre-conviction request for copies of the grand jury transcript.  Trial Ct. Docket, entry dated 9/03/2013 Motion for a Copy of the Grand Jury Proceedings at 3.  He argued that a review of discovery made apparent that "persons" testified at the grand jury proceedings who also gave information to law enforcement and other officials and their testimony might contain exculpatory or impeachment information.  *Id.*

The state filed a memorandum in opposition.  ECF Doc. 8-1 at 84.  On November 26, 2013, the trial court denied Lorton's September 3, 2013 motions, finding that Lorton failed to assert a factual basis for the need to obtain grand jury transcripts and he failed to establish that the state did not provide full discovery.  ECF Doc. 8-1 at 84; Trial Ct. Docket, entry dated 11/26/2013.  Lorton did not appeal.  ECF Doc. 8-1 at 84.

### 4.  2014 Motions

On March 6, 2014, Lorton filed a motion to impose concurrent sentences, vacate his convictions, and hold an evidentiary hearing.  ECF Doc. 8-1 at 84; Trial Ct. Docket, entry dated 3/06/2014 Motion to Impose Concurrent Sentences.  In it, Lorton raised three grounds for relief: (i) the imposition of consecutive sentences violated due process; (ii) his plea was contrary to the manifest weight of the evidence; and (iii) ineffective assistance of counsel.  Trial Ct. Docket, entry dated 3/06/2014 Motion to Impose Concurrent Sentences at 2.  Lorton argued that his plea offer and sentence were unreasonable in light of his lack of a criminal history, his history of mental illness, and the lack of facts indicating he was a threat to society.  *Id.* at 3, 34-35.  And he

argued that he should not have been charged with rape because the incident reported described the charge as "non-forcible" and the victim said she'd willingly had "intercourse" with Lorton. *Id.* at 3.  At most, Lorton stated he should have been charged with unlawful sexual conduct with a minor – to which he said he "would presently stipulate."  *Id.*

Lorton further argued that his arrest was based on false, misleading, and illegal evidence, given that: (i) only part of the victim's diary was used because one would expect more diary entries documenting his conduct; (ii) the diary entry used was "an obvious" letter to Lorton's son, Jacob; and (iii) Lorton's daughter could testify that the victim habitually wrote Jacob.  *Id.* at 4.  Lorton also appeared to argue that the victim's waiver of rights was signed in error and charges, convictions, and evidence (including the diary entry) derived therefrom must be nullified.  *Id.* at 4-5.  Attached to Lorton's motion was: (i) a warrant for his arrest; (ii) the indictment; (iii) the plea agreement, (iv) the judgment entry imposing his sentence; (v) Detective Dues's March 2, 2009 incident report; (vi) Officer Siefring's narrative supplement; (vii) two February 24, 2009 incident reports; (viii) an evidence/property sheet reporting that three pages of a diary were obtained from the victim; (ix) Detective Dues's notes of the victim's interview; (x) the victim's diary excerpts; (xi) Ohio Rev. Code § 2907.02 (2006); (xii) a rights waiver signed by the victim and the victim's mother; and (xiii) two affidavits.  *Id.* at 5-37.  Lorton also moved for appointment of counsel.  ECF Doc. 8-1 at 84.

The state filed a response.  *Id.*  On March 31, 2014, the trial court denied Lorton's motion to impose concurrent sentences as an untimely petition for post-conviction relief.  ECF Doc. 8-1 at 84-85; Trial Ct. Docket, entry dated 3/11/2014.  Lorton did not appeal.  ECF Doc. 8-1 at 85.

### 5.    First Mandamus Petition

On November 6, 2015, Lorton filed in the Ohio Court of Appeals a petition for a writ of mandamus, requesting mandamus relief on the ground that he was never afforded the right to appeal.  ECF Doc. 8-1 at 92; Docket for the Ohio App. Ct., 3d Dist., Case No. 10-15-16, 11/06/2015 Petition for Writ of Mandamus.  The state filed a motion to dismiss.  ECF Doc. 8-1 at 94.

On December 16, 2015, the Ohio Court of Appeals dismissed Lorton's mandamus petition because Lorton failed to include the respondent's (the trial court judge) proper address for purpose of identification and service and Lorton failed to include affidavits.  ECF Doc. 8-1 at 92; Docket for Ohio App. Ct., 3d Dist., Case No. 10-15-16, entry dated 12/16/2015 at 1-2.  The court also dismissed the petition on the basis that he had an adequate remedy at law by way of an appeal and the trial court judge had no legal duty to grant an untimely appeal.  *Id.* at 2.

### 6.    2018 Motions

On September 10, 2018, Lorton filed a motion to withdraw his plea pursuant to Ohio Crim. R. 32.1, arguing that his plea was not knowing or voluntary because the trial court misstated the law when it told him his plea waived his right to appeal.  ECF Doc. 8-1 at 85; Trial Ct. Docket, entry dated 9/10/2018 at 1-2.  He also argued the trial court erred by not informing him post-release control was mandatory or incorporating a mandatory post-release control provision in the judgment entry, rendering his sentence void.  Trial Ct. Docket, entry dated 9/10/2018 at 2-3.  The state filed a response.  ECF Doc. 8-1 at 85.

On November 7, 2018, the trial court denied Lorton's motion to his withdraw plea, reiterating its prior finding that the plea colloquy complied with Ohio law and res judicata barred Lorton's grounds for relief.  *Id.*; Trial Ct. Docket, entry dated 11/7/2018.

On December 12, 2018, Lorton filed a "notification of right to appeal" requesting that the trial court impose a final appealable order under Ohio Crim. R. 32(B) and appoint appellate counsel.  ECF Doc. 8-1 at 85; Trial Ct. Docket, entry dated 12/12/218.  No action was taken on the motion.  ECF Doc. 8-1 at 85.

### 7.    Second Mandamus Petition

On March 8, 2019, Lorton filed a second petition for a writ of mandamus, seeking an order directing the trial court to act upon his December 12, 2018 notification of right to appeal, without which he argued he could not appeal.  ECF Doc. 8-3 at 94; Docket for the Ohio App. Ct., 3d Dist., Case No. 10-19-03, 3/08/2019 Motion for a Writ of Mandamus.  The state filed a motion to dismiss.  ECF Doc. 8-3 at 94.  On April 24, 2019, the Ohio Court of Appeals denied Lorton's mandamus petition, largely reiterating the grounds for denying his previous mandamus petition.  Docket for the Ohio App. Ct., 3d Dist., Case No. 10-19-03, entry dated 4/24/2019.

### 8.    First Motion for a Delayed Appeal

On August 1, 2019, Lorton filed a motion for a delayed appeal.  ECF Doc. 8-1 at 23.  In support, he argued: (i) during his criminal proceedings he was under the assumption that trial counsel was in charge of prosecuting his appeal; (ii) he was never told he had 30 days to file an appeal; and (iii) he was never told no appeal had been filed on his behalf.  ECF Doc. 8-1 at 24.  And he sought to raise three assignments of error: (i) counsel was ineffective when he failed to object to the lack of appointed appellate counsel, challenge the indictment on the basis that three of the counts listed the wrong social security number and date of birth, and challenge the victim's statements on the basis that "sex" was ambiguous; (ii) insufficient evidence to sustain his convictions in light of the ambiguity of the word "sex"; and (iii) the trial court erred by not advising Lorton of his right to appellate counsel.  ECF Doc. 8-1 at 27-33.

On August 30, 2019, the Ohio Court of Appeals denied Lorton's motion because he did not file a notice of appeal concurrently with the trial court. ECF Doc. 8-1 at 43-44. Lorton did not appeal this ruling to the Ohio Supreme Court.

### 9. Second Motion for a Delayed Appeal

On September 18, 2019, Lorton filed a second motion for delayed appeal that was identical to his first one. *See* ECF Doc. 8-1 at 45-65.

On October 23, 2019, the Ohio Court of Appeals denied Lorton's motion for a delayed appeal, finding that he failed to set forth sufficient reasons for not timely filing a notice of appeal from the September 1, 2009 sentencing judgment. ECF Doc. 8-1 at 66. The court found that Lorton's assertion that he expected counsel to file a notice of appeal was self-serving, unsupported, and made ten years after the fact. *Id.* The court noted that he had filed numerous pro se post-conviction motions challenging his plea and sentence – "without asserting a more timely interest in direct appeal." ECF Doc. 8-1 at 66-67.

On January 3, 2020, Lorton filed a notice of appeal with the Ohio Supreme Court. ECF Doc. 8-1 at 68. He also filed a motion for a delayed appeal, arguing that: (i) the law library hours were not posted for the week of Thanksgiving; (ii) the prison law library staff were off from November 27, 2019 through December 2, 2019 without prior notice; and (iii) his memorandum in support of jurisdiction was saved in the law library computer system and ready for mailing ten days before the filing deadline. ECF Doc. 8-1 at 71. In a supporting affidavit, he stated that he delivered his notice of appeal and memorandum in support of jurisdiction for mailing on December 4, 2019. ECF Doc. 8-1 at 73-75.

On March 3, 2020, the Ohio Supreme Court summarily denied Lorton's motion for a delayed appeal. ECF Doc. 8-1 at 78.

### 10.    2019 Motions

On October 3, 2019, Lorton filed a motion to preserve evidence, requesting an order that evidence gathered in his case be preserved and catalogued.  Trial Ct. Docket, entry dated 10/03/2019 Motion to Preserve.  He also moved for a list of the property in the possession of the state.  Trial Ct. Docket, entry dated 10/03/2019 Motion to Return Property.  On April 3, 2020, Lorton filed renewed motions to preserve evidence and for return of property.  Trial Ct. Docket, entries dated 04/03/2020.  And on May 7, 2020, he filed a motion to compel a response from the state on his motions.  Trial Ct. Docket, entry dated 5/07/2020.

On July 16, 2020, Lorton filed a third petition for a writ of mandamus with the Ohio Court of Appeals, seeking to compel the trial court to rule on his pending motions.  ECF Doc. 8-1 at 96; Docket for the Ohio App. Ct., 3d Dist., Case No. 10-20-07, entry dated 07/16/2020.  The state filed a motion to dismiss.  ECF Doc. 8-1 at 96.

On September 8, 2020, the trial court denied Lorton's motions, finding that it lacked jurisdiction because Lorton was still serving his sentence.  Trial Ct. Docket, entries dated 9/08/2020.

On October 9, 2020, the Ohio Court of Appeals denied Lorton's mandamus petition, in relevant part, as moot in light of the trial court's orders.  ECF Doc. 8-1 at 97; Docket for the Ohio App. Ct., 3d Dist., Case No. 10-20-07, entry dated 10/09/2020.

### 11.    2020 Motions

On September 21, 2020, Lorton filed a motion to vacate his conviction, seeking to raise three grounds for relief and requesting an evidentiary hearing.  Trial Ct. Docket, entry dated 9/21/2020.  First, Lorton argued that counsel was ineffective when counsel failed to investigate his case, which would have shown: (1) three defective charges in the indictment with the wrong

12

identifying information; (2) the search warrant affidavit was not signed by a notary; (3) the victim's mother was not present in the interview room when the victim was questioned; and (4) the victim's rights waiver form was not properly filled. *Id.* at 2. He further argued that counsel should have requested a mental examination, given he had just been released from the hospital. *Id.*

Second, Lorton argued that the state withheld evidence, including "information of the Victim, and her Mother, and of the Petitioner Dwayne E. Lorton, medical records, statements, testimony[], DNA, Evidence of Photos[], etc., of each party, or of any document of what went on in the Judge[']s Chamber[]s." *Id.* at 3. Third, Lorton argued "Due-Process, Never was Mirandized, Search Warrant was in the Municipal Court, and No bind over Hearing to the Common Pleas Court for Mercer County, Ohio." *Id.* In support, he stated that counsel did not object to the indictment or request a mental health evaluation. *Id.*

Lorton attached to his petition: a copy of the indictment; the victim's signed rights waiver form; Detective Dues's February 24, 2009 and March 5, 2009 interview notes; records from St. Rita's Medical Center; an excerpt of the trial court docket; and a search warrant affidavit. *Id.* at 5-19. The medical records from St. Rita's documented Lorton's treatment from March 2 to March 5, 2009. *Id.* at 9-14. During his initial evaluation, Lorton stated he threatened suicide after the victim called to inform him that she'd told police that he had sexual relations with her. *Id.* at 12. Lorton reported a history of depression beginning when he was 13, a brief period of medication treatment, and worsening of his depression when he switched shifts at work. *Id.* He reported trouble falling and staying asleep, trouble with concentration, seeing ghosts at times, feelings of anxiety, and a history of physical abuse. *Id.* Lorton was admitted to the hospital with a diagnosis with major depressive disorder recurrent, severe, without psychotic features. *Id.* at

13

13. After one day of medication treatment, he denied thoughts of hurting himself. *Id.* at 10. Lorton was discharged on March 5, 2009 in stable condition and prescribed Wellbutrin and trazodone. *Id.* at 9-11.

In the search warrant affidavit, Detective Dues sought a warrant to seize and search Lorton's cell phone. *Id.* at 17-18. Detective Dues stated the victim's mother reported to police that she found naked pictures of the victim on Lorton's cell phone. *Id.* at 18. Lorton told police at the jail he had deleted all messages on his phone but admitted that the victim had sent him naked pictures of herself. *Id.*

On September 22, 2020, the trial court summarily denied Lorton's motion for lack of jurisdiction. Trial Ct. Docket, entry dated 9/22/2020.

## II.    Discussion

### A.    Parties' Arguments

Warden Wainwright argues that Lorton's § 2254 petition should be dismissed as time-barred because it was filed beyond the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A). ECF Doc. 8 at 12-13. Warden Wainwright argues the petition is untimely because Lorton's conviction became final on October 1, 2009 (when the time to file a direct appeal expired) and the AEDPA federal habeas limitations period expired on October 1, 2010, such that Lorton's petition is ten years too late. ECF Doc. 8 at 13. Warden Wainwright argues that Lorton is not entitled to equitable tolling because he has not been diligent in exhausting his claims and that Lorton doesn't meet the miscarriage-of-justice exception to the statute of limitations because he has not come forward with new evidence of his actual innocence. ECF Doc. 8 at 14-16. Alternatively, Warden Wainwright argues that Lorton's claims are procedurally defaulted. ECF Doc. 8 at 18. Lastly, Warden Wainwright argues that Lorton's petition should

14

also be dismissed as improperly pleaded under Rule 2(c) of the Rules Governing Section 2554 Proceedings.  ECF Doc. 8 at 19.

Lorton concedes that his § 2254 petition is untimely and that the filing deadline was not tolled by any of his post-conviction motions.  ECF Doc. 9 at 6.  However, Lorton argues he qualifies for equitable tolling because the delay was caused by his inability to obtain effective counsel.  ECF doc. 9 at 6-7.  Specifically, he argues that his counsel failed to properly explain the plea agreement and he was unaware of his right to appeal until another inmate made him aware, which led to the first of many attempts to obtain appointed counsel on November 30, 2011.  ECF Doc. 9 at 4, 7-8.  He argues that it was not until 2020 that he was told his motions for appointed counsel were being filed in the wrong court by way of the trial court's September 22, 2020 decision that it lacked jurisdiction over the motion.  ECF Doc. 9 at 5, 8.  Lorton further argues that he can establish cause to excuse his procedural default under *Martinez v. Ryan*, 566 U.S. 1 (2012), because he did not have an attorney with which to raise his ineffective assistance claim.  ECF Doc. 9 at 8-9.  Lorton argues that the court should allow him to clarify his petition now that he has counsel.  ECF Doc. 9 at 9.

### B.  Statute of Limitations

AEDPA imposes a one-year statute of limitations upon all applications seeking a writ of habeas corpus under 28 U.S.C. § 2254.  28 U.S.C. § 2244(d)(1).  The one-year period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The one-year statute of limitations period is tolled during the pendency of properly filed motions for post-conviction relief or other collateral review proceedings. 28 U.S.C. § 2244(d)(2). But once the one-year period has expired, it cannot be revived by subsequent state collateral review proceedings. *Keeling v. Warden, Lebanon Corr. Ins.*, 673 F.3d 452, 460 (6th Cir. 2012).

Because AEDPA's statute of limitations is not jurisdictional, it is also subject to equitable tolling. *Holland v. Florida*, 560 U.S 631, 645 (2010). If a petitioner seeks equitable tolling, he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Holland*, 560 U.S. at 649 (2010) (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). There is also an equitable exception to the one-year limitations period when a petitioner makes "convincing showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

Both parties agree that the applicable limitations period is § 2244(d)(1)(A) and that Lorton's petition is untimely. ECF Doc. 8 at 12-13; ECF Doc. 9 at 6. The concession is well-taken. Lorton did not file a direct appeal. Therefore, Lorton's conviction became final for purposes of § 2244(d)(1)(A) when the time to do so expired – 30 days after the September 1, 2009 sentencing judgment entry, October 1, 2009. Ohio App. R. 4(A)(1); 28 U.S.C. § 2244(d)(1)(A); *Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 608 (6th Cir. 2013); ECF Doc. 8-1 at 19, 82-83. The one-year statute of limitations then ran from October 1,

16

2009 until it expired on October 1, 2010. 28 U.S.C. § 2244(d)(1)(A).  Lorton's post-conviction

motions, all filed well after October 1, 2010, did not revive the statute of limitations.  *Keeling*,

673 F.3d at 460; *see also Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).  Lorton's

current petition – filed on November 19, 2020 – is, therefore, untimely.  28 U.S.C.

§ 2244(d)(1)(A); ECF Doc. 1.

Lorton's arguments concerning the lack of notice of his appellate rights implicate two

other triggering dates for AEDPA's statute of limitations, but I find that neither applies to his

petition.  Lorton attributes the delay to his lack of appointed counsel, which could be construed

as an argument that the lack of appointed counsel on direct and collateral review was an

impediment to the pursuit of federal habeas relief.  ECF Doc. 9 at 4-5, 7-9; *see* 28 U.S.C.

§ 2244(d)(1)(B).  But the Sixth Circuit has rejected this, explaining:

> [E]ven if the denial of appointed counsel impeded [the petitioner's] pursuit on
> *direct* review, it did not obstruct his quest for *collateral* federal habeas relief --
> and that is the relevant question.  [A state habeas petitioner] has no constitutional
> right to have the assistance of counsel in bringing a collateral action challenging
> his conviction … and thus this argument offers no basis for sidestepping the one-
> year bar.

*Inglesias v. Davis*, No. 07-1166, 2009 U.S. App. LEXIS 692, at *3 (6th Cir. Jan. 12, 2009)

(unreported) (emphasis in original).

That leaves subsection (d)(1)(D), under which we assess Lorton's diligence in

discovering the factual predicate for his grounds for relief.  28 U.S.C. § 2244(d)(1)(D).  When, as

here, the claimant contends that he was unaware of his appellate rights, he "must demonstrate

either that he exercised due diligence in discovering the lack of notice of his right to appeal, the

fact on which his conviction-based claims are predicated, or that he filed for habeas within one-

year from the time a person exercising due diligence in [his] position would have discovered that

fact."  *McIntosh v. Hudson*, 632 F. Supp. 2d 725, 734 (N.D. Ohio 2009).  Lorton has not met his

burden.  Lorton does not say what efforts he undertook to apprise himself of his right to appeal.
*See* ECF Doc. 9.  And although Lorton claims that he was informed by an inmate sometime
around September 2011 that he had a right to appeal, Lorton hasn't explained why he did not
take any efforts to vindicate his appellate rights until his November 6, 2015 petition for a writ of
mandamus.  ECF Doc. 9 at 4. Docket for the Ohio App. Ct., 3d Dist., Case No. 10-15-16,
11/06/2015 Petition for Writ of Mandamus; *see also Holmes v. Warden, Lebanon Corr. Ins.*, No.
16-4177, 2017 U.S. App. LEXIS 26808, at *4 (6th Cir. Dec. 27, 2017) (unreported) (concluding
that the petitioner failed to show he was diligent in learning about his right to appeal when he did
not explain why he did not file a motion for a delayed appeal until over a year after the petitioner
said he understood he could).  Lorton also has not discussed what diligence he showed in seeking
to file federal habeas petition (or when he discovered his right to file the same).  And Lorton
does not otherwise contend he was disabled from discovering the factual basis for his grounds
for relief.  *McIntosh*, 632 F. Supp. 2d at 735; *see generally* ECF Doc. 9.  Thus, Lorton's petition
is untimely.

Lorton seeks equitable tolling on two grounds: (1) he was unaware that no appeal had
been filed or of his right to appeal until another inmate informed him; and (2) his ability to
properly bring his claims was stymied by his lack of appellate counsel and unexplained decisions
denying him appointed counsel.  ECF Doc. 9 at 4-5, 7-9.  If Lorton was under the impression that
trial counsel was going to prosecute his appeal, he's not entitled to equitable tolling because he
failed to exercise due diligence in monitoring the status of his appeal.  *Keeling*, 673 F.3d at 463;
*see also Elliott v. Dewitt*, 10 F. App'x 311, 313 (6th Cir. 2001); *Duffy v. Collins*, No. 99-4251,
2000 U.S. App. LEXIS 24064, at *5 (6th Cir. Sept. 25, 2000) (unreported).  Lorton's remaining
arguments for equitable tolling effectively assert that equitable tolling is warranted because he

was pro se and therefore lacked knowledge of his rights.  But that's not an extraordinary

circumstance for purposes of equitable tolling.  *Keeling*, 673 F.3d at 464; *see also Williams v.

Schweitzer*, No. 1:16-cv-2676, 2017 U.S. Dist. LEXIS 220321, at *32 (N.D. Ohio June 14, 2017)

("The Sixth Circuit has repeatedly held that ignorance of the law alone is not sufficient to

warrant equitable tolling." (quotation marks omitted)).  Thus, Lorton has not established that he

is entitled to equitable tolling.

Further, Lorton has not established that he can overcome his untimeliness under the

actual-innocence exception.  Lorton has not argued in his § 2254 petition or in his response to the

motion to dismiss that there's new reliable evidence that was unavailable at the time he entered

his plea showing that he is factually innocent of his four rape convictions.  *Souter v. Jones*, 395

F.3d 577, 589-90 (6th Cir. 2005); *see generally* ECF Doc. 1; ECF Doc. 9.  If he had made such

an argument, "such claim would be negated by his plea of no contest."[5]  *Robinson v. Kelly*, No.

1:10 CV 01922, 2011 U.S. Dist. LEXIS 83030, at * 23 (N.D. Ohio May 9, 2011); *see also*, *e.g.*,

*Armstrong v. Campbell,* No. 2:16-CV-13449, 2016 U.S. Dist. LEXIS 154646, at *12 (E.D. Mich.

Nov. 8, 2016); *Price v. Gansheimer*, No. 1:08CV2770, 2010 U.S. Dist. LEXIS 142922, at *16

(N.D. Ohio Nov. 24, 2010).

Because Lorton's § 2254 petition is untimely and he has not established grounds for

equitable tolling or actual innocence, I recommend that the Court GRANT Warden Wainwright's

motion to dismiss and DISMISS Lorton's petition as untimely.

### C.    Procedural Default

Even if Lorton's § 2254 petition was not barred by AEDPA's statute of limitations, I

would find that his grounds for relief are procedurally defaulted.

---

[5] A more detailed, claim-by-claim evaluation of actual innocence is provided below.

Procedural default is "a critical failure to comply with state procedural law," *Trest v. Cain*, 522 U.S. 87, 89 (1997), resulting in a bar to federal habeas review unless the petitioner makes the requisite showing, *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Procedural default occurs when: (1) the state courts didn't review the petitioner's claim on the merits because he didn't comply with some state procedural rule; or (2) he failed to fairly present the claim to the state courts while state court remedies were still available.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

Procedural default will not preclude consideration of a claim on federal habeas review, however, if the petitioner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law;" or (2) "failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.  A "fundamental miscarriage of justice" can occur only when the procedurally defaulted claim – supported by new reliable evidence not presented at trial – would establish that the petitioner was "actually innocent" of the offense. *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006).

### 1.    Ground One

In his Ground One claim, Lorton appears to reiterate the ineffective-assistance-of-counsel claim he raised in his September 21, 2020 motion to vacate.  *Compare* ECF Doc. 1 at 6; *with* Trial Ct. Docket, entry dated 9/21/2020 at 2.  Lorton had argued that counsel was ineffective when he failed to investigate his case and that a proper investigation would have shown that: (i) the indictment was defective because three of the charges had the wrong identifying information; (ii) the search warrant was defective because it was not signed by a notary; (iii) the

victim's mother was not present when the victim was questioned by police; and (iv) the victim's rights waiver form was not properly filled out.  Trial Ct. Docket, entry dated 9/21/2020 at 2.

However, Lorton never appealed from the trial court's summary denial of his post-conviction petition raising his Ground One claim.  *See* Trial Ct. Docket.  By not doing so, he failed to fairly present his Ground One claim at every stage of the state review process.  *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009) ("For a claim to be reviewable at the federal level, each claim must be fairly presented at every stage of the state appellate process.").  He cannot return to state court to raise his Ground One claim because the time to file an appeal has since expired and he likely cannot establish a basis for initiating a delayed appeal.  Ohio App. 4(A)(1); Ohio App. R. 5(A).  And he cannot raise it in a new successive post-conviction motion.  Ohio Rev. Code § 2953.23(A)(1) (barring consideration of a successive post-conviction motions unless based on previously unavailable facts and the movant establishes that no reasonable factfinder would have found him guilty absent the constitutional error).

Lorton has not attempted to assert that some external factor impeded his ability to appeal the denial of his state petition for post-conviction relief.  *See Murray v. Carrier*, 477 U.S. 478, 487 (1986) ("[T]he existence of cause for procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule.").  Lorton now suggests that it was due to his inability to obtain counsel on collateral review, but his pro se status and ignorance of the law would be insufficient to establish "cause."  *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004); ECF Doc. 9 at 4-7.  Lorton's inability to establish cause makes it unnecessary to consider whether he has shown prejudice.  *Matthews v. Ishee*, 486 F.3d 883, 891 (6th Cir. 2007) ("The cause-and-prejudice analysis is a conjunctive one, requiring a petitioner to satisfy both prongs to excuse a

procedural default.").  And Lorton does not argue that he is actually innocent of the offense.  *See generally* ECF Doc. 1; ECF Doc. 9.

Moreover, the facts that Lorton faults counsel for not investigating would not support a claim of actual innocence.  The indictment is not "new," and a technical defect in the indictment is not a claim of actual innocence.  *See Burnside v. Lamanna*, 27 F. App'x 439, 440 (6th Cir. 2001).  The facts asserted in the search warrant are incriminating rather than exculpatory, and any defect in the search warrant itself would not demonstrate that Lorton was actually innocent of the offense.[6]  Trial Ct. Docket, entry dated 9/21/2020 at 18; *see Bailey v. Haas*, No. 15-CV-12727, 2018 U.S. Dist. LEXIS 166143, at *17 (E.D. Mich. Sept. 27, 2018); *Howard v. Warren*, No. 08-10222, 2009 U.S. Dist. LEXIS 20137, at *10 (E.D. Mich. Mar. 9, 2009).  Lorton's statement that the victim's mother was not present during the interview is corroborated by Detective Dues's interview notes.  Trial Ct. Docket, entry dated 9/21/2020 at 8.  But the presence of a parent is not a prerequisite to the admissibility of the minor victim's statements.  *See State v. Bobo*, 65 Ohio App. 3d 685, 690 (Ohio App. Ct. 1989).  Nor has Lorton established that no reasonable juror would have convicted him when the state could have: (i) presented Lorton's confession; (ii) called the victim to testify to the facts in her sworn statement that she had sex with Lorton six times; (iii) and submitted the victim's June 22, 2006 diary entries, in which she (then an 11-year-old) stated that "Dwayne" was her first boyfriend, "Dwayne" took her virginity, and she had sex with him and loved his "dick."  Trial Ct. Docket, entry dated 3/06/2014 Motion to Impose Concurrent Sentences at 23-29, 33; *id.*, entry dated 9/21/2020 at 15; *see Bousley v.*

---

[6] I note that the affidavit in support of the search warrant was sworn before Judge James J. Sheer and signed by the same, such that the warrant complied with Ohio law.  Trial Ct. Docket, entry dated 9/21/2020 at 19; *State v. Dykes*, 1993 Ohio App. LEXIS 6082, at *31 (Ohio App. Ct. Dec. 17, 1993).  Notably, Lorton does not challenge the probable cause assertion in the affidavit or allege that there was no basis for issuing the warrant; rather, he only challenges it on a technical ground.

*United States*, 523 U.S. 614, 623 (1998); *Connolly v. Howes*, 304 F. App'x 412, 418 (6th Cir. 2008).  Should the Court prefer to dispose of Lorton's Ground One claim on this basis, it could be dismissed as procedurally defaulted.

2.      **Ground Two**

In his Ground Two claim, Lorton appears to reassert the second ground for relief in his September 21, 2020 petition for post-conviction relief – that the state wrongfully withheld evidence.  *Compare* ECF Doc. 1 at 7, *with* Trial Ct. Docket, entry dated 9/21/2020 at 3.  Lorton had asserted that the state withheld "information of the Victim, and her Mother, and of the Petitioner Dwayne E. Lorton, medical records, statements, testimony[], DNA, Evidence of Photos[], etc., of each party, or of any document of what went on in the Judge[']s Chamber[]s."  Trial Ct. Docket, entry dated 9/21/2020 at 3.  Lorton's Ground Two claim focuses on evidence concerning his mental health.

Because Lorton's Ground Two claim was raised in the same post-conviction petition as his Ground One claim, it is procedurally defaulted for the same reasons.  Lorton has not established cause to overcome his procedural default of this claim.  *See* ECF Doc. 1; ECF Doc. 9.  Nor would Lorton's mental health records of his hospitalization between March 2 through 5, 2009, standing alone, establish that he was actually innocent of the offense.  To succeed on a defense of not guilty by reason of insanity, Lorton would have had to establish by a preponderance of the evidence "that a disease or other defect of his mind had so impaired his reason that, at the time of the criminal act with which he is charged, either he did not know that such act was wrong or he did not have the ability to refrain from doing that act."  *State v. Curry*, 45 Ohio St. 3d 109, 112 (Ohio 1989) (quotation marks omitted).  The acts at issue are engaging in sexual intercourse with the victim between May 2005 through November 2005 and October

2006 through February 2007.  ECF Doc. 8-1 at 12.  The mental health records Lorton provided

from a period two or four years later do not address the state of his mental health during the

relevant period – other than to note a history of depression and one instance of suicidal threats 25

years earlier.  Trial Ct. Docket, entry dated 9/21/2020 at 9-12.  Should the Court prefer to

dispose of Lorton's Ground Two claim on this basis, it could be dismissed as procedurally

defaulted.

### 3.        Ground Three

In his Ground Three claim, Lorton appears to reassert his third ground for relief in his

September 21, 2020 petition for post-conviction relief that his due process rights were violated

because he was never given *Miranda* warnings, the search warrant was in the "Municipal Court,"

and no bind-over hearing was held.  *Compare* ECF Doc. 1 at 7; Trial Ct. Docket, entry dated

9/21/2020 at 3-4.  Because Lorton's Ground Three claim was raised in the same post-conviction

petition as his Ground One and Two claims, it is procedurally defaulted for the same reasons.

Lorton has not established cause to overcome his procedural default of this claim.  *See* ECF Doc.

1; ECF Doc. 9.  And he hasn't established that these facts would show he is actually innocent of

the offense.  Even if Lorton's statements to police were inadmissible, as discussed above, the

state could still call the victim to testify to her sworn statements and submit her diary entries.

*See Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1099 (N.D. Ohio 2013) (finding no probability of a

different outcome in the state proceedings to establish actual innocence even if the state had

suppressed the petitioner's incriminating statements in light of other incriminating evidence).

The validity of the search warrant was not affected by its issuance by a municipal court judge.

*See* Ohio Rev. Code § 2933.21; Ohio Crim. R. 41(A).  A bind-over hearing would not have been

required to vest the Court of Common Pleas with subject matter jurisdiction, given that Lorton

24

was not a juvenile when the offenses occurred.  *See* Ohio Rev. Code § 2151.26.  And to the extend he meant to argue that a preliminary hearing should have been held, the need was mooted by the issuance of the indictment.  Ohio Crim. R. 5(B)(1).  Should the Court prefer to dispose of Lorton's Ground Three claim on this basis, it could be dismissed as procedurally defaulted.

### 4.        Ground Four

In his Ground Four claim, Lorton seeks habeas relief on the basis of the trial court's denial of his motions to preserve evidence and return property.  ECF Doc. 1 at 8.  However, Lorton never appealed from the trial court's denial of those motions.  *See* Trial Ct. Docket.  By not doing so, he failed to fairly present his Ground Four claim at every stage of the state review process.  *Wagner*, 581 F.3d at 418.  He cannot return to state court to raise his Ground Four claim because the time to file an appeal has since expired and he likely cannot establish a basis for initiating a delayed appeal.  Ohio App. 4(A)(1); Ohio App. R. 5(A).  And he cannot raise it in a new successive post-conviction motion.  Ohio Rev. Code § 2953.23(A)(1).  Lorton has not established cause to excuse his procedural default, making it unnecessary to assess prejudice.  *Matthews*, 486 F.3d at 891.  And the evidence he requested (his cell phone) would not show that he was actually innocent of the offense.  Trial Ct. Docket, entry dated 9/18/2019 Motion for Return of Property.  Nor did his motion to preserve evidence include evidence bearing on his innocence.  *See* Trial Ct. Docket, entry dated 9/18/2019 Motion to Preserve Evidence.  Should the Court prefer to dispose of Lorton's Ground Four claim on this basis, it could be dismissed as procedurally defaulted.

A review of the procedurally defaulted Ground One, Two, Three, and Four claims illustrates why the statute of limitations should be enforced.  In each of these claims, Lorton asserts matters that could have been raised a decade earlier in the state courts.  Because he did

25

not do so, the Ohio courts have not addressed the merits of any federal constitution claim that might be teased out of them.  And because the Ohio courts have not ruled on the merits of the federal claims, we should not either, primarily because the statute of limitations bars them, but also because Lorton defaulted all of them.

### 5.    New Grounds in Response to Motion to Dismiss

In his response to the warden's motion to dismiss, Lorton asserts that he has a claim of ineffective assistance of counsel that could survive procedural default: (i) trial counsel failed to adequately explain the plea agreement; and (ii) counsel was ineffective for not moving to suppress his statements to police.  ECF Doc. 9 at 5, 7.  He contends that he can overcome his procedural default of these claims under *Martinez* because he proceeded pro se throughout his post-conviction proceedings.  ECF Doc. 9 at 8-9.

Lorton has not met his burden of establishing cause under *Martinez*.  In *Martinez*, the Court held that a state habeas petitioner can establish cause to excuse the procedural default of a claim of ineffective assistance of counsel if he shows that: (1) his ineffective-assistance-of-counsel claim has "some merit"; (2) he had no counsel or counsel was ineffective in his collateral-review proceeding; (3) the collateral-review proceeding was the "initial" review of the claim; and (4) ineffective-assistance-of-counsel claims must be raised for the first time on collateral review under state law. 556 U.S. at 9, 14, 17; *see also White v. Warden, Ross Corr. Inst.*, 940 F.3d 270, 276 (6th Cir. 2019).  Lorton has only argued the second prong.  ECF Doc. 9 at 8-9.  And Lorton hasn't addressed whether *Martinez* applies at all to his procedurally defaulted ineffective-assistance-of-counsel claim.  The Sixth Circuit has held that *Martinez* applies to ineffective-assistance-of-counsel claims that rely on evidence outside the trial record.  *White*, 940 F.3d at 277-78.  But it left open the question of whether *Martinez* applies to claims that are based

only on the trial record.  *Id.* at 277.  Here, we need not address that question because Lorton cannot present yet more new claims in his response to the motion to dismiss, particularly a claim that he appears not to have ever raised before an Ohio court.  These additional claims should be included in the court's order dismissing Lorton's petition.

Therefore, even if Lorton's petition were not time-barred, it would recommend that the state's motion to dismiss be granted because his claims are procedurally defaulted.

## III.    Certificate of Appealability

### A.    Legal Standard

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant."  Rule 11(a), 28 U.S.C. foll. § 2254.  The rule tracks the requirement of § 2253(c)(3) that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253 (c)(2)," Rule 11(a).  In light of the Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the COA issue is included here.

Under 28 U.S.C. § 2253(c)(1)(A), this court will grant a COA for an issue raised in a §2254 habeas petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right.  *Cunningham v. Shoop*, 817 F. App'x 223, 224 (6th Cir. 2020).  A petitioner satisfies this standard by demonstrating that reasonable jurists "could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quotation marks omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a claim is denied on procedural grounds, the petitioner must show "that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

### B. Analysis

If the Court accepts my recommendations, Lorton will not be able to show that the

Court's rulings on his claims are debatable among jurists of reason.  Lorton's § 2254 petition is

untimely, and his claims are otherwise procedurally defaulted.  Because jurists of reason would

find neither conclusion to be debatable, I recommend that no COA issue in this case.

## IV.   Recommendation

Because Lorton's § 2254 petition is untimely and his claims are otherwise procedurally

defaulted, I recommend that Warden Wainwright's motion to dismiss (ECF Doc. 8) be

GRANTED, Lorton's claims be DISMISSED, and his petition for writ of habeas corpus be

DENIED.  I further recommend that Lorton not be granted a COA.

Dated: January 3, 2022

Thomas M. Parker
United States Magistrate Judge

---

## OBJECTIONS

Within 14 days after being served with a copy of this report and recommendation, a party may
serve and file specific written objections to the proposed findings and recommendations of the
magistrate judge.  Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§
636(b)(1); Local Rule 72.3(b).  Properly asserted objections shall be reviewed de novo by the
assigned district judge.

* * *

Failure to file objections within the specified time may result in the forfeiture or waiver of the
right to raise the issue on appeal either to the district judge or in a subsequent appeal to the

United States Court of Appeals, depending on how or whether the party responds to the report and recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, *6 (W.D. Ky. June 15, 2018) (quoting *Howard*).  The failure to assert specific objections may in rare cases be excused in the interest of justice.  *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).