UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE EDWARD LORTON, | ) | Case No. 3:21-cv-00036 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Thomas M. Parker |
| | ) | |
| LYNEAL WAINWRIGHT, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## OPINION AND ORDER

In 2009, Petitioner Dwayne Edward Lorton pled no contest in State court to four counts of rape of a minor under the age of thirteen. The State court sentenced him to a total aggregate sentence of twenty years in prison. He filed a petition for a writ of habeas corpus. The Magistrate Judge recommends denying the petition, and Petitioner objects to that recommendation. For the reasons that follow, the Court **OVERRULES** Petitioner's objections (ECF No. 11), **ADOPTS** the Report and Recommendation (ECF No. 10), **GRANTS** Respondent's motion to dismiss (ECF No. 8), and **DENIES** the petition for a writ of habeas corpus (ECF No. 1).

### FACTUAL AND PROCEDURAL BACKGROUND

On March 19, 2009, a grand jury indicted Petitioner on four counts of rape of a minor under the age of thirteen. (ECF No. 8-1, PageID #49–51.) A few months later, Petitioner pled no-contest to each count. (*Id.*, PageID #53; ECF No. 9-4.) For the purposes of his no-contest plea, Mr. Lorton stipulated that he engaged in sexual conduct, including intercourse, with a minor under the age of thirteen, to whom he

was not married. (ECF No. 8-1, PageID #57; ECF No. 9-4, PageID #208.) The conduct occurred between May and November 2005 and between October 2006 and February 2007. (*Id.*) The State trial court sentenced Petitioner to five years on each count. (ECF No. 8-1, PageID #65–66.) The court ordered the sentences to run consecutive, such that Petitioner is serving a total aggregate sentence of twenty years. (*Id.*) Petitioner did not appeal his conviction or sentence. (*Id.*, PageID #69 & #127–28.)

## A. Post-Conviction Motions

Two years after his conviction, Petitioner first moved for post-conviction relief, seeking to withdraw his no-contest plea and receive a trial. (*Id.*, PageID #128.) Over the next nine years, Petitioner filed numerous motions seeking post-conviction relief on various grounds in State courts. (*Id.*, PageID #128–130.) The trial court denied each of Petitioner's motions and Petitioner did not appeal the denial of any. (*Id.*) Petitioner also filed two petitions for a writ of mandamus in the State appellate court, which dismissed both. (*Id.*, PageID #137–40.) In 2019, Petitioner moved twice for a delayed appeal. (*Id.*, PageID #68–78 & #90–100.) The State appellate court denied his first motion on procedural grounds and denied his second for failure to present sufficient reasons for not filing a timely appeal following his 2009 conviction and sentence. (*Id.*, PageID #88–89 & #111–12.) Petitioner filed a notice of appeal with the Ohio Supreme Court, which denied it. (*Id.*, PageID #113 & 123; ECF No. 9-12; ECF No. 9-13.)

Relevant to the proceedings here are several motions for post-conviction relief Petitioner filed in 2019 and 2020. On October 3, 2019, Petitioner filed a motion to

2

preserve evidence. (*Id.*, PageID #131.) He also moved for the return of his cell phone. (*Id.*; ECF No. 10, PageID #339.) In April 2020, he filed renewed motions to preserve evidence and for return of property, and in May 2020 moved to compel a response from the State on his motions. (ECF No. 8-1, PageID #131.) On September 8, 2020, the State trial court denied the motions. (*Id.*, Page ID #132.) Petitioner did not appeal. (*See id.*, PageID #131–32.)

On September 21, 2020, Mr. Lorton moved to vacate his conviction. (*Id.*) In his motion, Petitioner argued that his counsel was ineffective because his counsel failed to investigate his case and so did not discover various defects in the search warrant affidavit, the indictment, and the process through which the State questioned the victim. (ECF No. 10, PageID #326–27.) Further, Petitioner argued that the State withheld evidence, including medical records. (*Id.*) To his motion, Petitioner attached records documenting his mental health treatment in March 2009, which showed he had a history of depression and once threatened to commit suicide. (*Id.*, PageID #327–28; *see* ECF No. 9-17.) Finally, Petitioner asserted a violation of his due process rights because he never received *Miranda* warnings. (*Id.*) On the following day, September 22, 2020, the trial court denied the motion. (ECF No. 8-1, PageID #133.) Petitioner did not appeal. (*See id.*)

B.  **Federal Habeas Petition**

On November 19, 2020, Mr. Lorton filed a petition for a writ of habeas corpus, asserting four grounds for relief. (ECF No. 1.) Specifically, Petitioner asserted claims for ineffective assistance of counsel, wrongful withholding of evidence, violation of his

3

due process rights, and failure to preserve evidence. (*Id.*, PageID #6–8.) Respondent moved to dismiss the petition on the grounds that it was time-barred, procedurally defaulted, and improperly pled. (ECF No. 8, Page ID #26–45.) Petitioner filed a reply in response. (ECF No. 9.)

The Magistrate Judge issued a report and recommendation that the Court grant Respondent's motion to dismiss and deny the petition for a writ of habeas corpus. (ECF No. 10.) The Magistrate Judge determined that Petitioner's claims were time-barred and not subject to equitable tolling. (*Id.*, PageID #328–33.) Further, he determined that Petitioner's claims were procedurally defaulted. (*Id.*, PageID #333–40.) Petitioner filed objections to the Report and Recommendation. (ECF No. 11.) Specifically, Petitioner objects to the Magistrate Judge's recommendation that his petition be denied, arguing that his claims are subject to equitable tolling and that his *pro se* status and lack of knowledge excuse the procedural default. (ECF No. 11, PageID #346–48.)

## STANDARD OF REVIEW

A district court judge may designate a magistrate judge to submit "proposed findings of fact and recommendations for the disposition, by a judge of the court," 28 U.S.C. § 636(b)(1)(B), of a petition for a writ of habeas corpus, which the Court does by local rule, *see* LR 72.2. When reviewing a report and recommendation, if a party objects within the allotted time, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *United States*

*v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). "Objections must be specific, not general" and should direct the Court's attention to a particular dispute. *Howard v. Secretary of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Importantly, the Court's job is not to conduct a free-wheeling examination of the entire report and recommendation, but only to address any specific objections that a party has advanced to some identified portion of it. Accordingly, it is the Court's task in this matter to review the Magistrate Judge's report and recommendation de novo, based on the specific objections Petitioner raises.

## ANALYSIS

Where a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States," he is entitled to a writ of habeas corpus. 28 U.S.C. §§ 2241(c)(3) & 2254(a). At bottom, the writ tests the fundamental fairness of the State court proceedings resulting in the deprivation of the petitioner's liberty. *See, e.g.*, *Brown v. Allen*, 344 U.S. 443, 463 (1953); *Powell v. Collins*, 332 F.3d 376, 388 (6th Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)); *Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000).

28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Magistrate Judge recommends that the Court dismiss the petition as time-barred and not subject to equitable tolling. (ECF No. 10, PageID #333.) In the alternative, the Magistrate Judge recommends dismissal because all claims are procedurally defaulted. (*Id.*, PageID #341.) Petitioner objects to both recommendations. (ECF No. 11, PageID #346–48.) The Court addresses each in turn.

I. **Equitable Tolling of the Statute of Limitations**

The parties agree that the petition was untimely because it was filed outside of the one-year statute of limitations the Anti-Terrorism and Effective Death Penalty Act of 1996 establishes. (ECF No. 8, PageID #37–38; ECF No. 9, PageID #171; ECF No. 11, PageID #346.) The Magistrate Judge recommends that the petition be dismissed as untimely because Petitioner has not established the requisite grounds for equitable tolling. (ECF No. 10, PageID #333.) Petitioner objects and argues that he is entitled to equitable tolling. (ECF No. 11, PageID #346–47.)

Because the statute of limitations is not jurisdictional, it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A court may toll the statute of limitations "when a litigant's failure to meet a legally-mandated deadline

6

unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). Courts grant equitable tolling sparingly and only where a habeas petitioner shows (1) he has pursued his rights diligently and (2) some extraordinary circumstance prevented timely filing. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745,749 (6th Cir. 2011) (citing *Holland*, 560 U.S. at 649). "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson*, 624 F.3d at 784.

Petitioner argues that he has diligently pursued his rights to the best of his abilities. (ECF No. 11, PageID #347). He contends that "he was never made aware of his right to appeal" and only learned of it from another State prisoner. (*Id.*) Regarding lack of knowledge of his appeal rights, Petitioner could benefit from a later statutory filing period if he shows "he exercised due diligence in discovering his right to appeal" or if he shows that "he filed for habeas corpus within one-year from the time a person in his situation acting with due diligence would have discovered his right to appeal." *McIntosh v. Hudson*, 632 F. Supp. 2d 725, 732 (N.D. Ohio 2009). The Magistrate Judge determined that Petitioner did not diligently pursue his rights, in part because he took no action to vindicate his appellate rights until several years after he claims he learned of his right to appeal. (ECF No. 10, PageID #332.) In the absence of a specific objection to this determination, the Court agrees with the Magistrate Judge that Petitioner has not shown he exercised diligence.

As to extraordinary circumstances, Petitioner argues that his *pro se* status and lack of legal knowledge led to the untimely filings. (ECF No. 11, PageID #347.) The

7

law of this Circuit forecloses these arguments. A petitioner's *pro se* status or ignorance of procedural requirements is "not sufficient to constitute an extraordinary circumstance and to excuse his late filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (citing *Hall*, 662 F.3d at 751–52); *Winkfield v. Bagley*, 66 F. App'x 578, 583 (6th Cir. 2003)); *Williams v. Schweitzer*, No. 1:16-CV-2676, 2017 WL 8894632, at *12 (N.D. Ohio June 14, 2017) (collecting cases). Accordingly, the Court determines that Petitioner is not entitled to equitable tolling and his petition is, therefore, time-barred.

## II. Procedural Default

Generally, a federal court may not consider a habeas petition unless a State prisoner has presented his claim to the State courts in accordance with their procedural rules. *See Shinn v. Ramirez*, 142 S. Ct. 1718, 1727 (2022). A petitioner may procedurally default a claim by failing to raise it in State court and pursue it through the State's appellate review procedures. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). If State law no longer allows the petitioner to raise or appeal the claim at the time of the habeas petition, the claim is procedurally defaulted. *Id.*; *see also Shinn*, 142 S. Ct. at 1727–28.

The Magistrate Judge concluded that all four grounds that Petitioner raises are procedurally defaulted because Petitioner did not appeal the State trial court's denial of his claims, thereby failing to present the claims at every stage of the State review process. (ECF No. 10, PageID #335–39.) Petitioner does not object to this

conclusion. (*See* ECF No. 11.) Accordingly, the Court determines that all Petitioner's claims are procedurally defaulted.

Petitioner maintains that the procedural default resulted from his lack of legal knowledge and requests that the Court consider his claims now that he has obtained the assistance of counsel. (ECF No. 11, PageID #346–48.) However, as a general matter, out of respect for federal-state comity, federal courts may not review a claim that has not been fairly presented to all appropriate State courts in accordance with State procedures. *Shinn*, 142 S. Ct. at 1731–32. Accordingly, the Court looks only to whether Petitioner has overcome the procedural bar on any claim.

To overcome a procedural default, a petitioner must demonstrate cause to excuse the procedural defect and actual prejudice if the federal court declined to hear the claim or that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Under the first prong, a petitioner must show both cause and prejudice to excuse a procedural default. *Matthews v. Ishee*, 486 F.3d 883, 891 (6th Circ. 2007). Under the second, petitioner must present new evidence that establishes a possibility of actual innocence. *Schlup v. Delo*, 513 U.S 298, 324 (1995); *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006).

### II.A. Ineffective Assistance of Counsel (Ground One)

In ground one of the petition, Petitioner asserts an ineffective assistance of counsel claim and some related claims. (ECF No. 1, PageID #6.) Petitioner raised the same claims in his September 21, 2020 State court motion to vacate his conviction.

9

(ECF No. 10, PageID #335–36; ECF No. 11, PageID #347.) Petitioner did not appeal from the State trial court's summary denial of this petition. (ECF No. 10, PageID #336; ECF No. 11, PageID #347.) Therefore, Petitioner failed to fairly present these claims at every stage of the review process. *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009).

Petitioner falls short of showing cause to excuse procedural default. To establish cause, a petitioner must show that "some objective factor external to the defense" prevented the petitioner's compliance with a State procedural rule. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Petitioner's *pro se* status and ignorance of the law and procedural requirements do not establish cause. *Id.* (citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995)).

Nor has Petitioner shown that there would be a fundamental miscarriage of justice if the claims are not considered. The Magistrate Judge concluded that Petitioner's underlying claim for ineffective assistance of counsel does not relate to facts that would support a claim of actual innocence. (ECF No. 10, PageID #336.) Petitioner makes no argument regarding actual innocence in connection with this ground. (*See* ECF No. 9; ECF No. 11.)

Accordingly, the Court determines that Plaintiff has not made a showing sufficient to overcome the procedural bar on ground one.

### II.B. Withheld Evidence (Ground Two)

In ground two, Petitioner claims that the State withheld evidence relating to his mental health in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (ECF No. 1,

10

PageID #7.) As with the claims in ground one, Petitioner raised this same claim in his September 21, 2020 State court motion to vacate his conviction. (ECF No. 10, PageID #337; ECF No. 11, PageID #347.) Therefore, this claim is procedurally defaulted for the reasons discussed above.

Petitioner has not shown cause for the default. (ECF No. 10, PageID #337; ECF No. 11, PageID #347–48.) However, Petitioner argues that the mental health records establish his actual innocence of the offense. (ECF No. 11, PageID #347.) On this point, the Magistrate Judge determined that the records could not support a claim of actual innocence because they date from a period two to four years *after* the conduct underlying his conviction. (ECF No. 10, PageID #337–38.) Therefore, these records do not reflect his mental health at the time of the offense and could not support a defense of not guilty by reason of insanity. (*Id.*) Petitioner objects that, though the records post-date the offense, they establish that Petitioner "was suffering from severe mental issues, like suicidal thoughts." (ECF No. 11, PageID #348.)

A credible showing of actual innocence may allow a petitioner to pursue a constitutional claim on the merits notwithstanding a procedural bar. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). However, the standard is a demanding one and permits review only in an extraordinary case. *Schlup*, 513 U.S. at 324; *House v. Bell*, 547 U.S. 518, 538 (2006). The Court agrees with the Magistrate Judge that Petitioner has not made a sufficient showing to meet this high standard. Accordingly, the Court determines that Petitioner has not overcome the procedural bar to the claim in ground two.

### II.C. Due Process Violation (Ground Three)

In ground three, Petitioner claims that the State violated his due process rights because he never received *Miranda* warnings. (ECF No. 1, PageID #7; ECF No. 11, PageID #348.) As with the claims in grounds one and two, Petitioner raised this same claim in his September 21, 2020 State court motion to vacate his conviction. (ECF No. 10, PageID #338; ECF No. 11, PageID #348.) Therefore, this claim is procedurally defaulted.

The Magistrate Judge concluded that Petitioner had not shown cause for the default and had not established facts showing that he was actually innocent of the offense. (ECF No. 10, PageID #338.) He reasoned that even, if Petitioner's statements to the police were inadmissible because of the *Miranda* violation, the State could have called the victim to testify to her statements or submitted her diary entries. (*Id.*) In his objection, Petitioner argues that it is unknown whether the victim would have been willing to testify and that the State only submitted the diary entries in part. (ECF No. 11, PageID #348.) These points relate to the manner of proof at trial, and Petitioner points to no new evidence establishing actual innocence. Accordingly, under the demanding standard described above, the Court determines that Petitioner has not overcome the procedural bar to this ground.

### II.D. Failure to Preserve Evidence (Ground Four)

In ground four, Petitioner raises claims based on the State trial court's denial of his motions to preserve evidence and return property. (ECF No. 1, PageID #8.) Petitioner filed these motions on October 3, 2019 and the State trial court denied

12

them on September 8, 2020. (ECF No. 8-1, PageID #131–32.) Petitioner did not appeal the denial of these motions. (ECF No. 10, PageID #339; ECF No. 11, PageID #348.) Therefore, these claims are procedurally defaulted. *Wagner*, 581 F.3d at 418.

The Magistrate Judge determined that Petitioner had not shown cause to excuse his procedural default. (ECF No. 10, PageID #10, PageID #339.) Further, the evidence at issue in the motion to preserve did not bear on actual innocence. (*Id.*) Petitioner objects that his failure to appeal resulted from his legal inexperience. As already discussed, Petitioner's legal acumen is insufficient to show cause that will excuse a procedural default. *Bonilla*, 370 F.3d at 498. Further, Petitioner objects that it is possible that his cell phone and the other evidence at issue would show actual innocence. (ECF No. 11, PageID #348.) Without more, the Court agrees with the Magistrate Judge that Petitioner has not made a sufficient showing to overcome the procedural bar based on actual innocence.

**II.E. New Grounds**

In his reply to Respondent's motion to dismiss, Petitioner presents new claims based on ineffective assistance of trial counsel. (ECF No. 9, PageID #169–70.) Petitioner represents that he filed his petition for a writ of habeas corpus (ECF No. 1) *pro se* but is now represented by counsel. (ECF No. 9, PageID #169.) Because he has obtained the assistance of counsel, Petitioner requests that the Court allow him to clarify his petition. (*Id.*, PageID #174.) In his objections to the Report and Recommendation, Petitioner asks the Court to consider his second Amended Habeas Corpus Petitioner for Relief and argues that the Court should grant him leave to

13

amend the petition pursuant to Rule 15(a)(2). However, Petitioner has not moved for or received leave to amend his petition for a writ of habeas corpus. Without a pending motion for leave to amend, the Court has no application to consider, and such a free-standing request is not itself a motion to amend and not procedurally proper. *See Pulte Home, Inc. v. Laborers' Int'l Union of N. Am.*, 648 F.3d 295, 305 (6th Cir. 2011); *see also Alexander v. Eagle Mfg. Co.*, 714 F. App'x 504, 511 (6th Cir. 2017).

To the extent Petitioner raises new ineffective assistance of counsel claims in reply, the Magistrate Judge concluded that the claims are procedurally defaulted, and that Petitioner had not overcome the procedural bar. (ECF No. 10, PageID #340–41.) Petitioner makes no specific objection to the Magistrate Judge's analysis on this point. Accordingly, the Court determines these claims are procedurally defaulted.

## CERTIFICATE OF APPEALABILITY

Without a certificate of appealability, a habeas petitioner cannot appeal a final order in a habeas proceeding. 28 U.S.C.S. § 2253(c)(1). Issuance of a certificate of appealability requires a petitioner to make "a substantial showing of the denial of a constitutional right." 28 U.S.C.S. § 2253(c)(2). This means that the petitioner must show that reasonable jurists would find the district court's determination of the relevant constitutional claims debatable or incorrect. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). The petitioner need not show that the appeal would succeed to be eligible for a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Based on this standard, Petitioner does not qualify for a certificate of appealability. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In these cases, judges should not issue certificates of appealability. *Id.* at 486. Because Petitioner's claims are time-barred and procedurally defaulted, Petitioner is not entitled to a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections (ECF No. 11), **ADOPTS** the Report and Recommendation (ECF No. 10), **GRANTS** Respondent's motion to dismiss (ECF No. 8), and **DENIES** the petition for a writ of habeas corpus (ECF No. 1). Further, the Court **DECLINES** to issue a certificate of appealability under 28 U.S.C. § 2253(c).

**SO ORDERED.**

Dated: July 18, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio